

APR 20 2026 PM 12:48
FILED-USDC-CT-HARTFORD

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT □ [Miofania Mariah Garcia], Plaintiff, V. Officer St. Onge, Sgt. Augustine, Officer Kehoss, Defendants. □ COMPLAINT AND JURY DEMAND □ I. INTRODUCTION    1.    This is a civil rights action brought under 42 U.S.C. § 1983 to redress violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.    2.    This case arises from an unlawful entry, seizure, intimidation, and retaliatory conduct by officers of the Manchester Police Department at Plaintiff's home. □ II. JURISDICTION AND VENUE    3.    This Court has jurisdiction under:    •    28 U.S.C. § 1331 (federal question)    •    28 U.S.C. § 1343 (civil rights)    4.    Venue is proper in the District of Connecticut because the events occurred in Manchester. □ III.

PARTIES    5.    Plaintiff, [Miofania Mariah Garcia], is a resident of Manchester, Connecticut.    6.    Defendant Unknown Male Officer is a police officer employed by the Manchester Police Department.    7.    Defendant Unknown Female Officer is a police officer employed by the Manchester Police Department.    8.    Defendant Sergeant is a supervising officer employed by the Manchester Police Department.    9.    Defendant Town of Manchester is a municipal entity responsible for the policies, practices, and training of its police department. □ IV. FACTUAL ALLEGATIONS    10.    On or about January 31, 2026, Plaintiff was at her residence when a dispute arose between Plaintiff's guest and neighboring individuals.    11.    The neighbors blocked Plaintiff's guest's vehicle, preventing departure.    12.    Plaintiff's guest politely requested the vehicle be moved.    13.    The neighbors escalated the situation, resulting in a verbal dispute and an assault on Plaintiff's guest.    14.    Police were called by the neighbors. □ Police Arrival and Initial Contact    15.    Upon arrival, a female officer went directly to the neighbors.    16.    A male officer approached Plaintiff.    17.    The male officer requested entry into Plaintiff's home.    18.    Plaintiff clearly refused consent.    19.    Plaintiff explained the situation and stated the matter was already resolved.    20.    The male officer acknowledged this and indicated the situation was resolved. □ Unlawful Entry and Seizure    21.    Despite this, the male officer returned and opened Plaintiff's door without consent.    22.    Both officers placed their feet inside Plaintiff's doorway.    23.    This prevented Plaintiff from closing her door.    24.    At no time did officers possess:    •    A warrant    •    Consent    •    Exigent circumstances □ Demand for Identification and Threats    25.    Officers demanded Plaintiff provide identification.    26.    Plaintiff refused, as she had not committed a crime.    27.    The female officer stated Plaintiff would be arrested if she did not comply.    28.    Plaintiff was effectively detained at her own doorway. ❑ Escalation and Abuse of Authority    29.    Plaintiff repeatedly told officers to leave.    30.    Officers refused.    31.    Plaintiff offered to bring out the involved individual.    32.    Despite cooperation, officers continued escalating. □ Attempted Unlawful Trespass    33.    The female officer stated: "So are we trespassing her?"    34.    This demonstrates intent to remove Plaintiff from her own residence without legal basis. □ Supervisor Involvement    35.    A Sergeant arrived on scene.    36.    The Sergeant informed officers they could not trespass Plaintiff from her own home.    37.    The Sergeant refused Plaintiff's request to speak. □ Retaliation    38.    Plaintiff filed a complaint and requested body camera footage.    39.    Thereafter, a warrant was issued for Plaintiff's arrest.    40.    Charges included:    •    Risk of Injury to a Minor    •    Breach of Peace    41.    These charges

are baseless and were initiated in retaliation for Plaintiff asserting her rights. □ V. CLAIMS FOR RELIEF □ COUNT I – Fourth Amendment (Unlawful Entry)    42.    Plaintiff incorporates all prior paragraphs.    43.    Defendants unlawfully entered Plaintiff's home by placing themselves within the doorway.    44.    This entry occurred without warrant, consent, or exigent circumstances. □ COUNT II – Fourth Amendment (Unlawful Seizure)    45.    Defendants detained Plaintiff by preventing her from closing her door.    46.    This seizure was without reasonable suspicion or probable cause. □ COUNT III – First Amendment Retaliation    47.    Plaintiff engaged in protected activity by filing a complaint and requesting records.    48.    Defendants caused criminal charges to be filed in retaliation.    49.    The charges lacked probable cause. □ COUNT IV – Fourteenth Amendment (Due Process)    50.    Defendants abused their authority through threats and coercion.    51.    Their conduct shocks the conscience and violates due process. □ COUNT V – MUNICIPAL LIABILITY (Monell Claim)    52.    The Town of Manchester failed to properly train and supervise officers.    53.    The violations resulted from policies, customs, or deliberate indifference. □ VI. DAMAGES    54.    Plaintiff suffered:    •    Emotional distress    •    Fear and anxiety    •    Interference with home privacy    •    Harm to children present    •    Ongoing threat of arrest □ VII. PRAYER FOR RELIEF WHEREFORE, Plaintiff requests: A. Compensatory damages B. Punitive damages C. Declaratory judgment D. Injunctive relief E. Attorney's fees (42 U.S.C. § 1988) F. Any other relief deemed just and proper □ VIII. JURY DEMAND Plaintiff demands trial by jury on all issues. □

SIGNATURE

4/20/2026

[Miofania Mariah Garcia] [26 Lilley Street] [Manchester, CT 06040] [8602276733] [miofania       @gmail.com]